Donahue, J.
On the 9th day of May, 1911, Edwin Mansfield filed in the circuit court of Morrow county a petition which is in the words and figures following, to-wit:
“Your relator represents to the court that on the sixth of November, 1906, he was duly elected judge of the court of common pleas in and for' the second subdivision of the sixth judicial district of the State of Ohio, for the term of six years, from the ninth day of February, 1907, and that he duly qualified and entered upon his duties as such judge and has ever since said date and now is one of the judges of the common pleas court of said subdivision and district.
“That the defendant, Clifton Sipe, is now and at the time of the grievances hereinafter recited, was the duly elected, qualified and acting auditor of the county of Morrow and state of Ohio.
“That at the time of relator’s election and qualification as such judge as aforesaid, the statutes of Ohio, Section 1284a, provided, ‘that each judge of the court of common pleas shall receive in addition to the salary allowed by Section 1284 of the Revised Statutes, an annual salary equal to $16 per thousand for each one thousand population of the county in which he resided at the time of his election or appointment, as ascertained by the federal census next preceding his assuming the duties of his office, payable quarterly out of the treasury of the county of which he is a resident as aforesaid. if said county is a separate judicial subdivision, upon the warrant of the county auditor of said county, or if he resides in a judicial subdivision comprising more than one county out of *82 the treasuries of the several counties, comprising such judicial subdivision in proportion to the population of the several counties of said judicial subdivision ascertained as aforesaid, upon the warrants of the county auditor of said counties.’
“That said subdivision of said judicial district at the time of relator’s election and qualification as aforesaid, was and now is composed of the following counties, to-wit, Ashland, Richland and Morrow counties.
“That said counties by the last federal census preceding the election and qualification of your relator, to-wit, the census of 1900, had the following population, to-wit:
Ashland county...........21,184
Richland county........... 44,289
Morrow county ...........17,879
Total ................ 83,352
“That on the ninth day of November, 1910, there was due to your relator as judge of said court of common pleas in and for said subdivision from the county of Morrow, the sum of $68 for the quarter ending on said ninth day of November, 1910; that your relator has made a demand upon the said defendant for said sum of $68 for payment of the same, but the defendant has neglected and refused to issue his warrant to your relator in payment of the same.
“Wherefore, your relator prays that a writ of mandamus, commanding the said auditor of Morrow county, Ohio, to issue a voucher to the relator *83 for said sum of $68 and interest from November 9, 1910, and commanding said Clifton Sipe, the auditor as aforesaid, to deliver his warrant on the treasurer of Morrow county in favor of relator for said amount.”
To this petition the defendant Clifton Sipe, auditor of Morrow county, filed a general demurrer. This demurrer to the petition was overruled by the circuit court and the defendant not desiring to plead further, a peremptory writ of mandamus was allowed, and the defendant in that suit prosecutes this proceeding in error in this court to reverse the judgment of the circuit court.
The relator does not aver what basis of calculation has been used to arrive at the amount he claims is now due him from Morrow county. The averments of the petition would indicate that the amount had been determined upon the basis of the population of Richland county. A calculation shows, however, that it is really based upon the population of Morrow county, and this upon the theory that the relator is entitled to $16.00 per thousand for each one thousand population of the entire judicial subdivision composed of Richland, Ashland and Morrow counties, and that such amount must be paid him out of the treasuries of the respective counties in proportion to the population of each.
The only question presented by this record, and the briefs submitted by counsel for the parties to this cause, is the question as to whether the population of Richland county, or the population of the entire subdivision, shall be the basis for calculating this additional compensation of common *84 pleas judges. The defendant in error does not challenge the constitutionality of the act, but insists that the total population of the county in which the relator resided at the time of his election is the basis upon which the calculation should be made, and if figured upon this basis the amount is less than one thousand dollars, then his additional salary shall be one thousand dollars, payable out of the treasuries of the different counties comprising the subdivision in proportion to the ratio of its population to the population of the whole subdivision. The contention on the part of the relator is that the additional salary should be calculated upon the basis of the total population of the entire judicial subdivision composed of the counties of Richland, Ashland and Morrow. The language of Section 1284a seems to be clear and unequivocal. There is some change in the language, punctuation and capitalization of this section as found in 97 Ohio Laws, page 558, and as it is now found in' General Code, Section 2252 and Section 2253, in this, that the words “payable quarterly out of the treasury of the county of which he is a resident as aforesaid,” immediately following the provision for the payment of an additional salary and the method of calculating the same as found in the original act, are ommitted in the General Code, and after the word “subdivision” there is a period instead of a comma, and then providing that such additional salary shall be paid quarterly, etc., but it would not appear that this change of arrangement and punctuation would lead to any different construction. In any event, the relator pleads the act as found in Section 1284a, Revised Statutes, *85 and his rights must be determined upon the construction of this act as originally passed, for it further appears by the petition that he was elected to his office prior to the adoption of the General Code. Section 1284a contains but one provision for additional salary to be paid common pleas or superior court judges, and that provision is that they shall each receive “in addition to the salary allowed by Section 1284 of the Revised Statutes, an annual salary equal to $16.00 per thousand for each one thousand population of the county in which he resided at the time of his election or appointment as ascertained by the Federal census next preceding his assuming the duties of his office. * * * Provided that in no case shall such additional salary so payable to such judge out of the county treasury or treasuries be less than one thousand dollars or more than three thousand dollars.” There is a further provision with reference to expenses incurred while holding court in any county in which he does not reside, but that has nothing to do with the question now under consideration. All the remaining part of this section pertains to the payment of this salary, and it is provided first, that it shall be “payable quarterly out of the treasury of the county of which he is a resident, if said county is a separate judicial subdivision, upon the warrant of the county auditor of said county, or if he resides in a judicial subdivision comprising more than one county, out of the treasuries of the several counties comprising such judicial subdivision in proportion to the population of the several counties of said judicial subdivision ascertained as *86 aforesaidThese words “ascertained as aforesaid” clearly relate to the amount of this additional salary to be paid to common pleas judges, and refer to some prior provision of the same section in reference thereto, and the only prior provision of this section in relation to this subject is that he shall receive “an annual salary equal to $16.00 per thousand for each one thousand population of the county in which he resided at the time of his election or appointment, as ascertained by the Federal census next preceding his assuming .the duties of his office.” So that while this section does provide that in case a judge is located in one of several counties of a judicial subdivision, that each of such counties shall contribute its proportionate share to his additional salary, yet the amount of that additional salary is still to be ascertained the same as if the county of his residence at the time of his election constituted a separate judicial subdivision. The fact that there are two counties in the state that constitute separate judicial districts and not separate judicial subdivisions does not create any ambiguity or raise any doubt as to the basis of calculation, or as to the manner of payment. These additional provisions for payment relate only to judicial subdivisions comprising more than one county, and where this condition does not obtain then the additional salary is payable out of the treasury of the county in which the judge resided at the time of his election or appointment.
Every argument urged by counsel for relator •in favor of the construction of this section that they are contending for, meets with much favor *87 by this court, but the trouble is that these arguments are all proper ones to be directed to the legislative authority and not to a court construing a legislative act, for it is not the province of a court to improve or expand the language of an act, but to interpret it as it is written. True, the intent of the legislature is important in determining the proper construction to be given it, but that intent must be ascertained first, if possible, from the language used and where that language is clear and unambiguous courts have no authority to change it. King v. Greenwood Cemetery Association, 67 Ohio St., 244; Hough v. Dayton Mfg. Co., 66 Ohio St., 427; Slingluff v. Weaver, 66 Ohio St., 621; Smith Bridge Company v. Bowman, 41 Ohio St, 52; Moore v. Given, 39 Ohio St., 661; Wehrle v. Wehrle, 39 Ohio St., 365. It is insisted, however, on the part of counsel for relator, that it was the intention of the legislature to create in judicial subdivisions composed of more than one county, a different basis for calculating this additional salary of common pleas judges than the basis provided where a county constitutes a separate judicial subdivision, and very apt words are suggested that should be read into this statute, but if that was the intention of the legislature these “very apt words” must have occurred to the legislature just as readily as they would occur to a court, and the fact that it did not use these “very apt words” would indicate that it did not intend to make any different basis for calculating the amount in counties constituting a part of a judicial subdivision from the basis provided for the calculation,of the amount in counties constituting *88 a separate judicial subdivision, and it would be a plain and palpable invasion of legislative authority for a court to write these words into the statute, or what is to the same effect, construe the statute as if they were written therein. There is language used in the early part of this section that clearly shows that the basis of calculation there fixed to determine the amount of the additional salary to be paid common pleas- judges is intended to cover the salary of all judges, including those residing in a subdivision composed of several counties, for the act contains the provision that the amount shall be calculated on the population of the county in which the judge resided at the time of his election or appointment. Section 3 of Article IV of the Constitution of Ohio provides that a judge must be a resident of the judicial subdivision. So that if this provision for additional salary was intended only to cover counties constituting a separate judicial subdivision, then the -provision that the amount of such salary should be calculated upon the population of the county in which he resided at the time of his election or appointment would be a vain and idle one. It is apparent that this provision is inserted for the direct and only purpose of preventing a change in salary by the removal of a judge from the county in which he resided at the time of his election or appointment to another county in the same judicial subdivision. It is also equally clear that the provisions of this statute that a judge of the common pleas court shall receive an annual salary in addition to the salary provided by Section 1284, Revised Statutes, of $16.00 for each one thousand population of the county in which he *89 resided when elected or appointed as ascertained by the Federal census next preceding his assuming the duties of such office, relate to every common pleas judge and superior court judge in Ohio, and the other provisions of the .same section relate only to the manner of payment thereof.
It is suggested that the intention of this act was to secure uniformity of compensation, and, therefore, the construction contended for by counsel for relator should obtain. This court held in the case of State, ex rel. Guilbert, v. Yates, 6Ohio St., 546, that the uniformity-of compensation which is required is not uniformity in the total amount received, but uniformity in the rate of compensation. So that this law does apply uniformly to all judges and the salary of each is determined by a uniform rule, although the amount arrived at is not necessarily always the same.
From this petition it appears that there is something due to the relator from the treasury of Morrow county, and the amount that is due him must be determined by a calculation based upon the population of the county in which he resided at the time of his election, to-wit, Richland county, and if it should further appear by such calculation that this would be less than a thousand dollars he is, nevertheless, entitled to receive one thousand dollars payable out of the treasuries of the several counties constituting the judicial subdivision in the ratio of the population of each to the population of the whole. In an action for the recovery of money only, it is sufficient if the petition show that something is due the plaintiff, and if the defendant desires to dispute the amount claimed he *90 must do so by answer. This is an action in mandamus to compel the auditor of Morrow county to issue his warrant on the county treasury for a sum certain, and for that reason it is necessary that the petition should show upon its face that the amount for which the relator demands a warrant is the true and correct amount due him, otherwise it is vulnerable to a general demurrer. This petition does not show on its face that there is $68.00 due the relator from Morrow county for additional salary for the time covered by his petition, and for -that reason the demurrer was improperly overruled.
The judgment of the circuit court is reversed and cause remanded with instructions to sustain demurrer to the petition and for further proceedings according to law.
Judgment reversed.
Davis, C. J., Shauck, Johnson and O’Hara, JJ., concur.